## In re Carbondale District Election Board

*Milton J. Kolansky,* for petitioners.

*Thomas A. Garvey* and *Frank J. McDonnell,* for district election board.

HOBAN, J., October 30, 1947.—This is a proceeding by petition and rule to remove the members of a district election board, named in the caption, from office because of alleged violations of the Election Code in the past, particularly at the primary election held on September 9, 1947, on the theory that the behavior of these election officers in the past warrants the inference that they will not properly conduct the election to be held in that district on November 4, 1947. Petitioner contends that the court has the right to remove these officers since they are appointed to the offices they now hold by a blanket order of this court on September 4, 1947, filed to no. 406, October sessions, 1947, on the general principle that an appointing authority, in the

absence of specific legislation to the contrary, may remove an appointee at will.

These officers were elected as members of the district election board at the municipal election held November 6, 1945. Prior to that time article VIII, sec. 14 of the Constitution of Pennsylvania provided that election officers should be elected annually. The provision of the Election Code providing for two-year tenure of office for district election officers having been held unconstitutional, an amendment to the Constitution to provide for two-year terms was adopted on November 6, 1945, the same date that these officers were elected. To provide for the filling of vacancies in district election boards caused by failure to elect such boards in even numbered years, the Act of April 3, 1945, P. L. 114, authorized the county board of election to petition the court on the first Monday of December in each even numbered year to fill the vacancies caused by the expiration of the one-year terms by appointing the officers who served during the even numbered years. The act by its terms expired upon the amendment to the Constitution to authorize the election of such officers for a longer term than one year and upon the passage of enabling legislation. Apparently on the theory that the amendment to article VIII, sec. 14 of the Constitution of Pennsylvania cured the difficulty, no petition was presented in December 1946, but in order to eliminate any question as to the right of election officers to perform their duty, the petition above noted was presented and appointments made by this court in conformity with the Act of 1945, on September 4, 1947.

We are of the opinion that the clear intention of the Act of 1945 was to provide for the continuance in office for a two-year term of district election officers elected at municipal elections, and that these officers ought to be removed from such office only in conformity with the law as applied to duly elected officials. See the opinion of the Attorney General in Curley's Case, 4

Dist. R. 207, in which the Attorney General held that where the Governor by appointment filled a vacancy to an elective office caused by the death of the elected officer, thereafter he could not remove his appointee except in the manner provided by the Constitution.

Since our action on the petition now before us will be based on that belief, we find it unnecessary to determine whether the adoption of the amendment to the Constitution on November 6, 1945, did not in fact confirm the election of these officers on the same day for a two-year term.

I am unable to find in the Constitution or the laws of this Commonwealth any authority in the court of quarter sessions or the court of common pleas for the summary removal of a duly elected or appointed district election officer from his office. District election officers are constitutional officers and as such subject to removal from office, in the manner provided by the Constitution, by the Governor for a reasonable cause, after due notice and full hearing on the address of two thirds of the Senate: Constitution of Pennsylvania, article VI, sec. 4.

Admittedly this procedure is unwieldy and impracticable of application to the case of election officers. The court does have power to declare an officer disqualified and thus that a vacancy in office exists, if the elected or appointed officer does not possess all of the qualifications required by the Constitution or the laws. On election day the judges of the courts sit as committing magistrates, with power to cause the arrest of election officers for violation of the election laws and to cause their detention, thus creating a vacancy in office which the court has power to fill in order to carry on the election: Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 1206, 25 PS §3046. See also Election Court, 204 Pa. 92.

The evidence taken at the hearing on the rule clearly indicates that the election board countenanced some violations of the provisions of the Election Code, par-

ticularly with reference to authorizing illegal assistance to voters. Members of the board explained that it has been common custom in this and other election districts, by the consent of most of the election officers, to permit husbands and wives, brothers and sisters, or other relatives to assist each other in voting regardless of the fact that the voter's registration card did not indicate the need for such assistance, and that other enthusiastic election workers were permitted to assist persons whom they brought to the polls without the formality of affidavits of disability or request for such assistance. The voting check list failed to carry the initials or signature of any election officer that the signatures of electors on the voting check list and in the district register were compared. Challenges made by some election watchers were ignored, although some excuse for this is noted by the fact that the challenges were usually made after the voter was permitted to cast his or her ballot. I cannot say that the evidence as submitted satisfactorily supports the charges that multiple voting was permitted by some electors. The Election Code contains very definite requirements for safeguarding the freedom of election by prohibiting unauthorized assistance to voters. No election board has authority to waive the provisions of the Election Code, and if on election day such offenses occur, they will constitute ground for the arrest and detention of district election officers who countenance such practices.

But charges of such violations after an election has occurred do not in themselves disqualify election officers from holding office. A conviction of violations of the Election Law may in certain cases carry disqualification from holding office. Conviction is a matter of information, indictment and trial and not of summary procedure, and we cannot declare in the proceeding now before us that such violations of the code as appear to have been committed by these officers disqualify them from continuing in office, in the absence of such conviction.

It is to be noted that most of the testimony went to the conduct of the election officers at the primary election of September 9, 1947. In this election respondent, William F. Morris, did not participate because of illness. There was testimony indicating that the same questionable practices occurred at the general election in November 1946, when Morris served as minority inspector, but insofar as our observations concern evidence of violations occurring at the 1947 primary election, they are not to be applied to respondent Morris.

Now, October 30, 1947, the rule to show cause why the above-named district election officers for the Fourth Ward, Second District, of the City of Carbondale, should not be removed from office is discharged.